IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**BEAU HARVEY,**                                               CASE NO. 3:25 CV 2275

    Plaintiff,

    v.                                             JUDGE JAMES R. KNEPP II

**REBECCA FACEY, et al.,**

    Defendants.                             **ORDER**

Plaintiff seeks to proceed *in forma pauperis* ("IFP") in this case. (Doc. 2). Pursuant to 28 U.S.C. § 1915, this Court may authorize the commencement of any action without prepayment of filing fees if the litigant submits an affidavit that includes a statement of all assets, income and debt that demonstrates the person is unable to pay the filing fee. 28 U.S.C. § 1915(a)(1). "[P]auper status does not require absolute destitution[.]" *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001); *see also Ciavarella v. Comm'r of Soc. Sec.*, 2013 WL 5354091, at *1 (N.D. Ohio); *Levet v. Comm'r of Soc. Sec.*, 2014 WL 3508893, at *1 (N.D. Ohio). Instead, the Court must examine the affidavit and determine whether the litigant can pay the court costs "without undue hardship". *Foster*, 21 F. App'x at 240. It is within the Court's discretion to allow a litigant to proceed IFP. *Id*. Proceeding IFP is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998).

In determining eligibility to proceed IFP, courts look to the applicant's employment status, annual salary, and any property or assets the applicant may possess. *See Schneller v. Prospect Park Nursing & Rehab. Ctr.*, 2006 WL 1030284, at *1 (E.D. Pa.). In addition to salary from employment, federal courts have considered disability income in assessing whether an applicant

can pay court costs without undue hardship. *See, e.g.*, *Whatley v. Astrue*, 2011 WL 5222908, at *1-2 (N.D.N.Y.); *Guerra v. Jones*, 2008 WL 1805823 at * 2 (N.D.N.Y.); *Hearn v. Comm'r of Soc. Sec.*, 2007 WL 2972542, at *1 (D.N.J.). Assets include equity in real estate and automobiles. *See Levet*, 2014 WL 3508893, at *1; *Ciavarella*, 2013 WL 5354091, at *1; *United States v. Valdez*, 300 F. Supp. 2d 82, 84 (D.D.C. 2004). In addition, federal courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, at *1, n.1 (D. Minn.); *see also Reynolds v. Crawford*, 2009 WL 3908911, at *1 (S.D. Ohio); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd* 788 F.2d 1 (2nd Cir. 1985) (table).

Plaintiff does not qualify as a pauper. While he states that his income from real property is only $400 per month, he indicates that he has a house worth $ 365,000.00 and real estate holdings worth $1,200,000.00 and $6,500,000.00. *See* Doc. 2, at 1-2. In light of the fact that Plaintiff's net worth is over $8,000,000.00, it does not appear the cost of filing is beyond his means. Rather, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing [his] Complaint against the merits of [his] claims." *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, at *2 (E.D. Mich.).

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) be, and the same hereby is, DENIED; and it is

FURTHER ORDERED that this action be, and the same hereby is, DISMISSED without prejudice. Plaintiff may reopen this action within thirty (30) days of the date of this Order by first paying the full filing fee of $ 405.00 and then filing a Motion to Reopen. The Court will not accept

(and the Clerk's Office shall return) any other documents for filing in this case until the filing fee has been paid in full and a Motion to Reopen has been granted. The Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

                                                   s/ *James R. Knepp II*
                                                   UNITED STATES DISTRICT JUDGE

                                                   Dated: October 23, 2025